UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          X

YVETTE BUTLER,                                         Civ. No.  1:12-cv-01791-BMC

        Plaintiff,                                      DEFENDANT'S ANSWER

           -against-

COCA-COLA REFRESHMENTS USA, INC,

        Defendant.
_____X


       Defendant Coca-Cola Refreshments USA, Inc. (hereinafter "CCR"), by its attorneys, Proskauer Rose LLP and Miller & Martin PLLC, as and for its answer to Plaintiff's Complaint dated January 20, 2011 (hereinafter the "Complaint"), states as follows:

       1.     With respect to Paragraph 1 of the Complaint, denies the allegations set forth therein except admits that Plaintiff Yvette Butler ("Plaintiff") was employed by CCR from 2003 to January 2008 as a production mechanic at CCR's Maspeth production plant.

       2.     The allegations of Paragraph 2 of the Complaint require no response from CCR. Said allegations attempt only to characterize the nature of Plaintiff's claims.  Any inference or statement within those allegations suggesting that CCR is liable to Plaintiff, or that Plaintiff asserts any claim other than a claim under 42 U.S.C. § 1981, is specifically denied.

       3.     Upon information and belief, admits the allegations in Paragraph 3 of the Complaint.

       4.     With respect to Paragraph 4 of the Complaint, denies the allegations set forth therein except admits that CCR produces, distributes, and markets various beverages and has a production facility located at 58-40 Borden Avenue, Maspeth, Queens, New York, where Plaintiff was employed.

5.      Admits the allegations in Paragraph 5 of the Complaint.

6.      Denies the allegations in Paragraph 6 of the Complaint.

7.      With respect to Paragraph 7 of the Complaint, denies the allegations set forth therein except admits that Plaintiff was the only female mechanic at the facility at the time of her employment, although the Maintenance Manager for part of this time was an African-American female, and that Plaintiff informed CCR that she held a certification in electronics and had previous experience with biomedical technician job duties.

8.      With respect to Paragraph 8 of the Complaint, denies the allegations set forth therein except admits that Plaintiff's superiors included African-American manager Godfrey Stuart, Trinidadian supervisor Ron Sampath, Filipino supervisor Antonio Abolencia, and Caucasian supervisor Vito Caravella.

9.      Denies the allegations in Paragraph 9 of the Complaint.

10.     Denies the allegations in Paragraph 10 of the Complaint.

11.     With respect to Paragraph 11 of the Complaint, denies the allegations set forth therein except admits that all mechanics worked jobs by themselves but that an extra mechanic was needed to assist Plaintiff at times on jobs that other mechanics performed alone.

12.     With respect to Paragraph 12 of the Complaint, denies the allegations set forth therein except admits that Plaintiff may have been asked to work on the Line 4 fille by herself, as other mechanics did.

13.     With respect to Paragraph 13 of the Complaint, denies the allegations set forth therein except admits that Ron Sampath, himself, has used heat to expand hoses to allow connectors to fit together.

14.     Denies the allegations in Paragraph 14 of the Complaint.

15.     Denies the allegations in Paragraph 15 of the Complaint.

16.     Denies the allegations in Paragraph 16 of the Complaint.

17.     With respect to Paragraph 17 of the Complaint, denies the allegations therein except admits that one day in 2003 co-worker Phil McCauley wore a Confederate flag bandana, which he removed at the direction of a supervisor.

18.     With respect to Paragraph 18 of the Complaint, denies the allegations set forth therein except admits that Andrew Walton, a mechanic of Caribbean descent, was a co-worker of Plaintiff's.

19.     With respect to Paragraph 19 of the Complaint, denies the allegations therein except admits that co-worker Angela Ponticiello made a comment that violated CCR's policies in 2006, for which she was fired.

20.     With respect to Paragraph 20 of the Complaint, denies the allegations set forth therein except admits that Plaintiff complained during her employment and that she violated the attendance policy negotiated with Teamsters' Local 812 (the "Union"), for which she was ultimately terminated after being afforded a Last Chance Agreement.

21.     With respect to Paragraph 21 of the Complaint, denies the allegations set forth therein except admits that manager David Prestipino was friendly towards Plaintiff and that her concerns were resolved.

22.     Denies the allegations in Paragraph 22 of the Complaint.

23.     With respect to Paragraph 23 of the Complaint, denies the allegations therein except admits that Plaintiff received counseling and discipline for repeatedly violating the attendance policy.

24.     With respect to Paragraph 24 of the Complaint, denies the allegations set forth therein except admits that African-American female Moneka Brown was Maintenance Manager in Maspeth and that Brown reviewed Plaintiff's concerns.

25.     With respect to Paragraph 25 of the Complaint, denies the allegations set forth therein except admits that Plaintiff amassed a record of absences, tardies, and early quits calling for discipline and ultimately discharge under the attendance policy.

26.     With respect to Paragraph 26 of the Complaint, denies the allegations set forth therein except admits Plaintiff was afforded a Last Chance Agreement when she could have been terminated under the attendance policy, that African-American female Employee Relations Manager Jenal Hardaway presented this Last Chance Agreement to Plaintiff, that Plaintiff raised a complaint when subject to discipline under the attendance policy, and that Hardaway responded to this complaint.

27.     With respect to Paragraph 27 of the Complaint, denies the allegations set forth therein except admits that Plaintiff was laid off at times in December 2007 based on her seniority level, as dictated by the collective bargaining agreement between CCR and the Union, that Plaintiff again violated the attendance policy after being afforded a Last Chance Agreement, and that Plaintiff was terminated in accordance with the attendance policy.

28.     With respect to Paragraph 28 of the Complaint, denies the allegations therein except admits that Plaintiff repeatedly violated the attendance policy and was terminated in accordance with this policy.

29.     With respect to Paragraph 29 of the Complaint, denies the allegations set forth therein except admits that Plaintiff arbitrated her termination with CCR, that Plaintiff was

represented by the Union and legal counsel at the arbitration hearing, and that the arbitrator upheld Plaintiff's termination.

30.     Denies the allegations in Paragraph 30 of the Complaint.

31.     Denies the allegations in Paragraph 31 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

32.     The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

33.     Plaintiff's claims for relief are barred and precluded, in whole or in part, upon the ground that she has failed to mitigate her damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

34.     Plaintiff's claims for relief are barred and precluded, in whole or in part, by the applicable statute of limitations.  Moreover, Plaintiff's claims for relief are barred and precluded, in whole or in part, by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

35.     CCR acted reasonably and in good faith with respect to Plaintiff at all times pertinent hereto.

**FIFTH AFFIRMATIVE DEFENSE**

36.     All employment decisions affecting Plaintiff were made for legitimate, non-discriminatory reasons, and non-retaliatory reasons.

**SIXTH AFFIRMATIVE DEFENSE**

37.     CCR has at all times pertinent hereto adopted appropriate policies and made good faith efforts to comply with anti-discrimination and/or retaliation laws.  Some or all of Plaintiff's claims are barred because even if any unlawful discrimination and/or retaliation occurred (which CCR denies) such conduct was and is prohibited by CCR's policies and was not committed or

authorized by CCR.  CCR never authorized, ratified, or participated in any discriminatory and/or retaliatory conduct regarding Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

38.     To the extent that Plaintiff is able to prove to the satisfaction of the trier of fact that any improper motive was a factor in relevant employment decisions (which CCR denies), CCR would have made the same employment decisions regarding Plaintiff regardless of any alleged improper motive.

## EIGHTH AFFIRMATIVE DEFENSE

39.     By her own conduct and/or words, Plaintiff is estopped from contending that decisions relating to her employment were discriminatory and/or retaliatory.

## NINTH AFFIRMATIVE DEFENSE

40.     To the extent Plaintiff is able to prove to the satisfaction of the trier of fact that her race or having engaged in protected activity was a factor in relevant employment decisions, the same employment decisions would have been made regardless regarding Plaintiff for legitimate, non-discriminatory and non-retaliatory reasons.

## TENTH AFFIRMATIVE DEFENSE

41.     Plaintiff's alleged damages, if any, were not directly and proximately caused by CCR, and any damages which Plaintiff has allegedly sustained would have been sustained regardless of any act or omission of CCR.

## ELEVENTH AFFIRMATIVE DEFENSE

42.     Upon information and belief, Plaintiff has failed to properly mitigate her alleged losses, if any.  Furthermore, CCR is entitled to a set-off for any monies earned by Plaintiff subsequent to her employment with CCR and/or a set-off for any monies received by Plaintiff in lieu of employment with CCR.

**TWELFTH AFFIRMATIVE DEFENSE**

43.     CCR exercised reasonable care to prevent and correct promptly any unlawful behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by CCR or to avoid harm otherwise.

**THIRTEENTH AFFIRMATIVE DEFENSE**

44.     There is no basis in law or fact for Plaintiff to seek or recover punitive or exemplary damages against CCR, and any award of punitive damages would violate Defendant's rights under the U.S. and New York Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

45.     Pleading in the alternative, to the extent that Plaintiff is able to prove that she was subject to an unlawful employment decision of one or more of CCR's managerial agents, such decision was contrary to CCR's good faith efforts to comply with applicable statutes and regulations, such that Plaintiff is not entitled to an award of punitive damages.

**FIFTEENTH AFFIRMATIVE DEFENSES**

46.     To the extent Plaintiff seeks to recover from CCR for personal injuries allegedly incurred or arising out of her employment, such recovery is barred by the exclusivity provision of New York's Workers' Compensation Law.

WHEREFORE, CCR respectfully requests that judgment be entered dismissing Plaintiff's claims in their entirety with prejudice, awarding CCR attorney's fees, together with such other, further and different relief as the Court deems just and proper and the costs and disbursements of this action.

Dated:  Chattanooga, Tennessee
May 7, 2012

                              MILLER & MARTIN PLLC

                              By: s/ Bradford G. Harvey
                                     Bradford G. Harvey
                                     (Admitted *pro hac vice*)

                              832 Georgia Avenue
                              1000 Volunteer Building
                              Chattanooga, TN  37402
                              Telephone:  (423) 756-6600
                              Facsimile:  (423) 785-8293
                              bharvey@millermartin.com

                              Elise M. Bloom
                              Keisha-Ann G. Gray
                              Michelle A. Annese
                              members of the firm
                              PROSKAUER ROSE LLP
                              Eleven Times Square
                              New York, NY 10036-8299
                              Telephone:  (212) 969-3000
                              Facsimile:  (212) 969-2900
                              ebloom@proskauer.com
                              kgray@proskauer.com
                              mannese@proskauer.com

                              **Attorneys for Defendant**

## <u>CERTIFICATION</u>

I hereby certify that on May 7, 2012, a copy of the foregoing pleading was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Steven A. Morelli, P.C.
Eric S. Tilton
1461 Franklin Avenue
Garden City, NY  11530
516-393-9151
*Attorneys for the Plaintiff*

By:    s/ Bradford G. Harvey_____
Bradford G. Harvey (Admitted *pro hac vice*)