```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
YVETTE BUTLER,                                              :
                                                            :   **MEMORANDUM**
                              Plaintiff,                    :   **DECISION AND ORDER**
                                                            :
            - against -                                     :   12 Civ. 1791 (BMC)
                                                            :
COCA-COLA REFRESHMENTS USA, INC.,                           :
                                                            :
                              Defendant.                    :
                                                            :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

I granted defendant's motion for summary judgment in this employment discrimination brought under 42 U.S.C. § 1981, and defendant has requested $2800.64 in taxable costs. Plaintiff does not dispute the calculation of costs or their taxability, but relies on this Court's equitable discretion to deny taxation of costs in light of her impoverished circumstances. Defendant argues that her circumstances are not as dire as she says they are (and suggests that she may have an issue where some of her funds are used for illegal drugs), and that in any event, it is willing to accept quarterly payments until a judgment for costs is satisfied.

The default rule is that costs should be awarded to the prevailing party, subject to the discretion of the district court. See Whitfield v. Scully, 241 F.3d 264, 269-70 (2d Cir. 2001). At the outset, I reject plaintiff's argument that plaintiffs suing for employment discrimination should receive special consideration when it comes to costs. Such plaintiffs already have substantial protection against the possible financial consequences of an unsuccessful action through the narrow construction placed on 42 U.S.C. § 1988. Under that statute, while a prevailing civil rights plaintiff will almost always recover attorneys' fees, a prevailing defendant

will obtain such a recovery only if the litigation is frivolous, unreasonable, or without foundation. See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978); Hughes v. Rowe, 449 U.S. 5, 14-15 (1980). Moreover, Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1). It is thus not too much to ask any litigant, whether in a civil rights case or otherwise, to appreciate her possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court. It is also not an undue deterrent to expect plaintiff's lawyers to advise a client that that when she sues, she faces an exposure for a relatively nominal amount of costs should she not prevail, and I assume that happened here.

This last point is applicable because, although plaintiff points to the case having been brought in good faith, the fact is that while the filing did not violate Fed. R. Civ. P. 11, this was a marginal case from the outset, built largely on an alleged piece of workplace gossip (a supervisor allegedly said something to the effect that he was getting rid of African-American workers because Mexicans were harder working). But plaintiff was never even able to offer admissible evidence that this remark had ever been made. Her hostile work environment claim was also quite clearly time-barred once she conceded, as she had to, that there was no evidence supporting her claim for discriminatory termination, having already suffered an arbitrator's adverse finding that she was fired for cause. In any event, good faith alone is not a sufficient ground to deny costs. See Commer v. McEntee, No. 00 Civ. 7913, 2007 WL 2327065, *3 (S.D.N.Y. August 13, 2007).

I agree with defendant that plaintiff has not met her burden of proving equitable grounds for the disallowance of costs. Most of the information furnished is historical, and there is no

financial affidavit from plaintiff as to her current circumstances. The last point in the record is that she started at a new job in July 2012.

However, to a large extent, both sides miss the point of this potential indigency. If plaintiff's circumstances were as bad as her attorneys suggest, then the entry of a judgment for costs would have no practical effect on her under the principle, *nec sanguinem de lapide*. Defendant misses the point entirely by its "generous" offer to accept quarterly payments, in that, even if this Court enters a judgment for costs, there is no obligation on the part of plaintiff to pay it, and she may not wish to try if she has no assets upon which execution may be had.

It is sufficient to say that defendant will not be permitted to harass plaintiff in the collection of this judgment. It is ordered pursuant to Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. 5240 that any execution on the judgment for costs shall be limited to periodic interrogatories as to plaintiff's employment status and salary and income execution as defined in N.Y. C.P.L.R. 5231 (if she has any income). Should this potential loss of 10% of her salary cause an identifiable and undue hardship at some point in the future, plaintiff may apply for further relief on proper proof.

The Clerk is directed to tax costs in the amount of $2800.64

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
August 26, 2013

3